[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 18-10462
Non-Argument Calendar

————————————————

D.C. Docket No. 6:17-cr-00242-PGB-DCI-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RENE ROLANDO CERON-FLORES,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Florida

————————————————

(October 17, 2018)

Before TJOFLAT, BRANCH and FAY, Circuit Judges.

PER CURIAM:

Rene Ceron-Flores appeals from his 48-month sentence for illegal reentry

after deportation in violation of 8 U.S.C. § 1326(a).  On appeal, Ceron-Flores

argues that his sentence was substantively unreasonable because the judge, citing the seriousness of Ceron-Flores's prior conviction and the need for deterrence, deviated 34 months from the applicable Guidelines range of 8 to 14 months. Despite this deviation, and for the reasons set forth below, we affirm.

I.

We review the substantive reasonableness of a sentence for abuse of discretion. *United States v. Osorio-Moreno*, 814 F.3d 1282, 1287 (11th Cir. 2016). "The party challenging a sentence has the burden of showing that the sentence is unreasonable in light of the entire record, the § 3553(a) factors, and the substantial deference afforded sentencing courts." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015).

The district court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2).  18 U.S.C. § 3553(a).  These purposes include the need:

   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   (B) to afford adequate deterrence to criminal conduct;

   (C) to protect the public from further crimes of the defendant; and

   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]

18 U.S.C. § 3553(a)(2).  The court must also consider the nature and circumstances of the offense and the history and characteristics of the defendant.  *Id.* § 3553(a)(1).

So long as the sentence is reasonable in light of all the circumstances, we will not second guess the weight the district court gave to a given § 3553(a) factor. *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008).  Unjustified reliance on any one § 3553(a) factor may, however, be indicative of an unreasonable sentence.  *Id.*  The district court is not required to state or discuss each of the § 3553(a) factors—it need only acknowledge that it has considered the defendant's arguments and the § 3553(a) factors.  *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam).  However, "[a] district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors."  *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quoting *United States v. Campa*, 459 F.3d 1121, 1174 (11th Cir. 2006) (en banc)).  A district court commits a "clear error of judgment" when it unreasonably considers the proper factors.  *Id.*

3

II.

In this case, the District Court determined that a sentence above the Guidelines was necessary to achieve the purposes enumerated in § 3553(a)(2), specifically the need to promote respect for the law, provide just punishment, and deter future illegal reentry.  As the District Court noted, even though Ceron-Flores was previously convicted of a serious crime—a sex crime against a child that carried a three- to seven-year sentence—he received a lenient 120-day sentence. Because of the unusual leniency of this sentence, the Guidelines resulted in a recommended sentence range that the District Court believed underrepresented the seriousness of his previous felony conviction.[1]  Thus, to reflect the seriousness of his prior conviction and to deter Ceron-Flores from illegally entering the country yet again, the District Court departed from the sentence recommended by the Guidelines.  On this record, we cannot say that the Court abused its discretion in doing so.

None of Ceron-Flores's arguments suggest a conclusion to the contrary.  On appeal, Ceron-Flores focuses on the percentage by which his sentence exceeds the Guidelines, noting that this Court in a previous (unpublished) decision reversed a

---

[1] As the District Court noted, the commentary to U.S.G.G. § 2L1.2 provides that "a departure may be warranted" where, as the District Court concluded here, "the offense level provided by an enhancement . . . substantially understates or overstates the seriousness of the conduct underlying the prior offense."  Sentencing Commission, *Guidelines Manual*, § 2L1.2, cmt. n.5 (Nov. 1, 2016).

sentence that exceeded the Guidelines by a lesser degree. But the facts of that case, and the concerns animating the district court's sentence, were different from those confronting us here. *See Irey*, 612 F.3d at 1217 ("[S]entencing courts may determine, on a *case-by-case basis*, the weight to give the Guidelines . . . .") (quotations omitted) (emphasis added). And, in any event, the Supreme Court has "reject[ed] the use of a rigid mathematical formula that uses the percentage of a departure as the standard for determining the strength of the justification required for a specific sentence." *Gall v. United States*, 552 U.S. 38, 47, 128 S. Ct. 586, 595 (2007).[2] Furthermore, the District Court's sentence, though above the Guidelines, was well below the statutory maximum of 20 years. *See* 8 U.S.C. § 1326(b)(2). This further supports an inference of reasonableness. *See Gonzalez*, 550 F.3d at 1324 (holding that the sentence was substantively reasonable in part because it was well below the statutory maximum).

Ceron-Flores also argues that his sentence is procedurally unreasonable because the District Court "did not adequately explain why it thought that imposing a sentence of 48 months" was necessary. Appellant's Br. at 13. This charge is curious because, only two pages earlier in his brief, Ceron-Flores extensively documents the District Court's concern with the Guidelines range and

---

[2] Even if the percentage of departure from the Guidelines range were dispositive, the departure here would be within the range this Court has previously affirmed. *See, e.g.*, *Rosales-Bruno*, 789 F.3d at 1273 (affirming an 87-month sentence as reasonable when the Guidelines suggested a maximum of 27 months).

its rationale for imposing an above-Guidelines sentence. *Id.* at 11–12. Thus, it appears that Ceron-Flores's real quarrel is with the District Court's conclusion— *i.e.*, that a sentence within the Guidelines range was inadequate—rather than the process by which it reached that conclusion. And, as explained above, we do not conclude that the sentence was substantively unreasonable.

### IV.

For the reasons discussed above, we affirm Ceron-Flores's sentence.

**AFFIRMED.**